JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tyrone Cook and Sheila Harris-Cook, h/w

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William J. Coppol, Esq., Mattiacci Law, LLC, 1500 JFK Blvd., Ste 620, Philadelphia, PA 19102, 215-914-6919

## DEFENDANTS
Omega II Inc. d/b/a Metaltech, et al

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [X] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [X] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ _____
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____  DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 4/20/2022 | /s/ William J. Coppol |

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __226 North Hobart Street, Philadelphia, PA 19139__

Address of Defendant: __1735, St.-Elzear Blvd. West, Laval (QC), Canada H7L 3N6__

Place of Accident, Incident or Transaction: __La Colombe coffee processing facility, Salmon Street, Philadelphia, PA__

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [■] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __04/20/2022__    __/s/ William J. Coppol__    __84666__
                        *Must sign here*
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[ ] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[✓] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __William J. Coppol__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __04/20/2022__    __/s/ William J. Coppol__    __84666__
                        *Sign here if applicable*
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Tyrone Cook and Sheila Harris-Cook, h/w : | | CIVIL ACTION |
| v. : | | |
| Omega II Inc. d/b/a Metaltech, et al : | | NO. 22-cv-1513 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 4/20/22 | William J. Coppol | /s/ *William J. Coppol* |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiffs |
| 215-914-6919 | 215-914-6958 | wjc@jminjurylawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Tyrone Cook and Sheila Harris-Cook : <br> 226 North Hobart Street : <br> Philadelphia, PA 19139 : <br>  : <br>                                        Plaintiffs : <br>  : <br>           v.                                  : <br>  : <br> Omega II Inc. d/b/a Metaltech : <br> 1735, St.-Elzear Blvd. West : <br> Laval (QC), Canada H7L 3N6 : <br>  : <br> Metaltech : <br> 1735, St.-Elzear Blvd. West : <br> Laval (QC), Canada H7L 3N6 : <br>  : <br> Metaltech-Omega Inc. d/b/a : <br> Metaltech-Omega d/b/a Metaltech : <br> 1735, St.-Elzear Blvd. West : <br> Laval (QC), Canada H7L 3N6 : <br>  : <br> Omega II Inc., d/b/a Omega II Holding : <br> d/b/a Metaltech : <br> 1735, St.-Elzear Blvd. West : <br> Laval (QC), Canada H7L 3N6 : <br>  : <br> Metal Tech (North America) Inc. d/b/a : <br> Metal Tech : <br> 1735, St.-Elzear Blvd. West : <br> Laval (QC), Canada H7L 3N6 : <br>  : <br> Omega II : <br> 1735, St.-Elzear Blvd. West : <br> Laval (QC), Canada H7L 3N6 : <br>  : <br>                                        Defendants : <br>  : | CIVIL ACTION NO.:  22-cv-1513 <br> <br> JURY TRIAL DEMANDED |

## **COMPLAINT - CIVIL ACTION**

Plaintiffs, Tyrone Cook and Sheila Harris-Cook, H/W, by and through their attorneys of

Mattiacci Law, LLC, claim of defendants, Omega II Inc. d/b/a Metaltech, Metaltech, Metaltech-

Omega Inc. d/b/a Metaltech-Omega d/b/a Metaltech, Omega II Inc., d/b/a Omega II Holding d/b/a Metaltech, Metal Tech (North America) Inc. d/b/a Metal Tech, and Omega II, jointly and severally, sums of monetary damages in excess of $50,000.00 upon causes of action whereof the following are true statements:

## I.   INTRODUCTION

The defendants, Omega II, Inc. d/b/a Metaltech, Metaltech, Metaltech-Omega Inc. d/b/a Metaltech-Omega d/b/a Metaltech, Omega II, Inc., d/b/a Omega II Holding d/b/a Metaltech, Metal Tech (North America) Inc. d/b/a Metal Tech, and/or Omega II, designed, manufactured, distributed and/or sold a defective scaffold that injured the Plaintiff. On June 9, 2020, Plaintiff, Tyrone Cook was working on a Metaltech scaffold while working as an employee for La Colombe at its coffee processing facility located on Salmon Street in Philadelphia, PA. Plaintiff sustained severe, permanent, debilitating, career-ending, and life-altering personal injuries more specifically set forth hereinafter when he fell approximately nine (9) to fifteen (15) feet from the Metaltech scaffolding. Plaintiff fell and was injured because of the conduct of the defendants, jointly and severally, in that their scaffold was not equipped with all necessary safety devices, was dangerous and defective, and malfunctioned due to a defective condition including an insufficient, defective and/or broken weld located at the kickplate on the scaffold, as set forth in detail hereinafter.

## II.   PARTIES

1.   Plaintiff, Tyrone Cook, is a citizen of the Commonwealth of Pennsylvania residing at 226 North Hobart Street, Philadelphia, PA 19139.

2.   Plaintiff, Sheila Harris-Cook, is a citizen of the Commonwealth of Pennsylvania residing at 226 North Hobart Street, Philadelphia, PA 19139 and at all times relevant hereto was and remains the lawful spouse of husband-plaintiff, Tyrone Cook.

3. Defendant, Omega II Inc. d/b/a Metaltech (hereinafter "Omega II Inc.") is upon information and belief a corporation organized and existing under and by virtue of the laws of Canada and is a citizen of Canada with its principal place of business located at 1735, St-Elzear Blvd. West, Laval (QC), Canada H7L 3N6, and at all times relevant hereto was and is engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.

4. Defendant, Metaltech (hereinafter "Metaltech"), is upon information and belief a corporation organized and existing under and by virtue of the laws of Canada and is a citizen of Canada with its principal place of business located at 1735, St-Elzear Blvd. West, Laval (QC), Canada H7L 3N6, and at all times relevant hereto was and is engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.

5. Defendant, Metaltech-Omega Inc. d/b/a Metaltech-Omega d/b/a Metaltech, (hereinafter "Metaltech-Omega Inc.") is upon information and belief a corporation organized and existing under and by virtue of the laws of Canada and is a citizen of Canada with its principal place of business located at 1735, St-Elzear Blvd. West, Laval (QC), Canada H7L 3N6, and at all times relevant hereto was and is engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.

6. Defendant, Omega II Inc. d/b/a Omega II Holding d/b/a Metaltech (hereinafter "Omega II Holding"), is upon information and belief a corporation organized and existing under and by virtue of the laws of Canada and is a citizen of Canada with its principal place of business located at 1735, St-Elzear Blvd. West, Laval (QC), Canada H7L 3N6, and at all times relevant hereto was and is engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.

7. Defendant, Metal Tech (North America) Inc. (hereinafter "Metal Tech NA") is upon information and belief a corporation organized and existing under and by virtue of the laws of Canada and is a citizen of Canada with its principal place of business located at 1735, St-Elzear Blvd. West, Laval (QC), Canada H7L 3N6, and at all times relevant hereto was and is engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.

8. Defendant, Omega II (hereinafter "Omega II") is upon information and belief a corporation organized and existing under and by virtue of the laws of Canada and is a citizen of Canada with its principal place of business located at 1735, St-Elzear Blvd. West, Laval (QC), Canada H7L 3N6, and at all times relevant hereto was and is engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.

### III.   JURISDICTION AND VENUE

9. Jurisdiction is based upon diversity of citizenship, 28 U.S.C. Section 1332, and the amount in controversy exceeds $75,000.00.

10. Jurisdiction is proper in the District Court for the Eastern District of Pennsylvania as the incident in which Plaintiff was injured occurred in Philadelphia and the defendants each engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous, and substantial basis.

11. Defendants' website states that it has 15,234 points of sale in North America.

12. Local Philadelphia retailers, including Diamond Tool, located on Grays Ferry Avenue in Philadelphia, sell Metaltech scaffolds and other products, including drywall lifts, outriggers, plywood platforms, casters, carts, and other components and products.

## IV. FACTUAL BACKGROUND

13. On or about June 9, 2020, Plaintiff, Tyrone Cook was working on a scaffold as an employee at the La Colombe coffee processing facility located on Salmon Street in Philadelphia, PA.

14. Upon information and belief, the subject scaffold was designed, manufactured, distributed and/or sold by defendants, Omega II Inc., Metaltech, Metaltech-Omega Inc., Omega II Holding, Metal Tech NA, and/or Omega II.

15. At all times relevant hereto, defendants, individually, jointly and/or severally, acted by and through their respective duly authorized agents, servants, workmen, subsidiaries, contractors and/or employees, acting within the scope and course of their employment or agency.

16. At all relevant times herein, defendants, by and through their respective agents, servants, workers, contractors, subcontractors, designers, assemblers, welders, manufacturers, sellers, suppliers, renters, leasers, and/or distributors designed, assembled, manufactured, sold, supplied, rented, leased, repaired and/or distributed scaffolds within the County of Philadelphia, Commonwealth of Pennsylvania on a regular systematic continuous and substantial basis, including the subject scaffold.

17. The subject scaffold was expected to and did reach intended users, such as Plaintiff, and workers without substantial change in the condition in which it were designed, manufactured, assembled, distributed, sold, rented, leased and/or supplied.

18. On or about June 9, 2020, Plaintiff, Tyrone Cook, while properly and lawfully working within the course and scope of his employment for La Colombe, sustained severe, permanent, debilitating, career-ending and life-altering personal injuries more specifically set forth hereinafter when he fell approximately nine (9) to fifteen (15) feet from defendants' dangerous

and defective scaffolding that had no safety devices and/or failed/faulty safety devices, including a broken weld located at the kickplate on the scaffold.

19. Plaintiff's fall and resulting injuries and damages were caused by the liability-inducing conduct of the defendants, jointly and severally, including defendants' negligence and carelessness and due to the defective nature of the product.

20. On the date and at the place aforesaid, agents, servants, workmen and/or employees of defendant designed, erected, assembled, supplied, sold, rented, leased, and/or distributed the subject scaffolding used by Plaintiff and failed to provide Plaintiff with all necessary parts, components, warnings, safety devices and/or fall protection equipment required to safely use the scaffolding on the job site.

21. On the date and at the place aforesaid, agents, servants, workmen and/or employees of defendant designed, erected, assembled, supplied, sold, rented, leased, and/or distributed the subject scaffolding used by Plaintiff with a defective and/or dangerous condition that caused it to malfunction and/or fail during its intended and expected use.

## COUNT I – NEGLIGENCE

## TYRONE COOK v. ALL DEFENDANTS

22. Plaintiffs incorporate herein by reference the previous paragraphs of this Complaint the same as if fully set forth hereinafter.

23. Falls are one of the leading causes of fatalities and injuries associated with the construction industry.

24. Defendants knew or should have known that falls are one of the leading causes of fatalities and injuries at job sites, including in the United States.

25. Defendant designed, maintained, inspected, supervised, erected and/or established the performance of said work, including the design, erection and provision of the subject

scaffolding in excess of nine (9) to fifteen (15) feet in height, and failed to provide and to enforce the use of all necessary safety devices and/or provided failed/faulty safety devices, including a defective and broken weld located at the kickplate on the scaffold, to workers that were required to use the subject scaffolding.

26. Defendants, jointly and severally, by and through their respective agents, servants, workmen and/or employees, were negligent and careless in:

(a) failing to provide Plaintiff a safe place in which to work;

(b) failing to adequately inspect the subject scaffold for hazardous conditions, including the faulty kickplate weld that caused Plaintiff's incident;

(c) failing to coordinate with other entities and subcontractors, including, but not limited to, Plaintiff's employer;

(d) failing to adequately plan, plot and supervise the scaffold work;

(e) violating applicable OSHA standards, including but not limited to those relating to scaffolds and/or fall protection;

(f) breaching their duties under the Restatement of the Law of Torts (Second);

(g) failing to properly train and supervise their respective employees;

(h) failing to hire competent employees, safety inspectors, contractors and subcontractors;

(i) failing to warn Plaintiff, a business invitee, of the peculiar, dangerous and unsafe conditions then and there existing upon the subject scaffold;

(j) failing to warn Plaintiff's employer of the peculiar, dangerous and unsafe conditions then and there existing upon subject scaffold;

(k) failing to adopt, enact, employ and enforce proper and adequate safety programs, precautions, procedures, measures and plans with regard to the subject scaffold, including for its design, manufacture, and use;

(l) violating and failing to comply with its own contractual promises, duties and obligations;

(m) failing to implement, require and enforce adequate scaffolds/scaffolding and ladders;

(n) using improper scaffolding and ladders;

(o) failing to use, require and enforce the use of safety devices and fall protection devices including but not limited to guardrails, anchor points, and lifelines to prevent workers from falling off the scaffolding;

(p) failing to provide written and complete instructions on the use, assembly, repair and/or maintenance of the subject scaffolding;

(q) failing to provide all of the components, parts and safety devices to ensure that the subject scaffolding was safe for its intended use;

(r) failing to provide training and/or instruction to intended users of the subject scaffolding as to its safe operation and use, including Plaintiff;

(s) exposing Plaintiff, a business invitee, to peculiar and unreasonable danger by providing workers such as Plaintiff with scaffolding that did not have all necessary fall protection and safety devices, including a kickplate that broke at its weld causing Plaintiff's incident;

(t) failing to properly and adequately inspect the work area, scaffolding and ladders to ensure that all proper and necessary safety devices and fall protection equipment were available to invitees, such as Plaintiff;

(u) failing to provide adequate safety devices and fall protection equipment to protect Plaintiff, a business invitee, from falling approximately nine (9) to fifteen (15) feet to the ground;

(v) failing to recommend, provide and enforce frequent inspections of the work area, including the subject scaffolding;

(w) exposing Plaintiff, a business invitee, to unreasonable danger by providing Plaintiff with scaffolding that did not have all necessary safety devices and/or fall protection in an attempt to reduce defendants' respective costs;

(x) exposing Plaintiff, a business invitee, to unreasonable and outrageous danger by failing to use scaffolding that included all necessary safety equipment, including but not limited to kickplates, guardrails, fall protection and all necessary safety devices in an attempt to reduce defendants' costs; and

(y) exposing Plaintiff, a business invitee, to unreasonable and outrageous danger, by refusing to provide all proper and necessary safety devices and fall protection in order to prevent falls at the jobsite, despite defendants' knowledge that falls are the leading causes of fatalities and injuries on worksites and in an attempt to reduce costs and increase defendants' profits.

27. By reason of defendant's negligence and carelessness, jointly and severally, as aforesaid, Plaintiff, Tyrone Cook, was caused to sustain severe, permanent, debilitating personal,

career-ending and life-altering personal injuries when he fell from the defendant's scaffolding from a height of approximately nine (9) to fifteen (15) feet. On June 9, 2020, Mr. Cook sustained serious injuries to his left shoulder, including four (4) torn ligaments requiring left shoulder surgery from Dr. Todd Chertow, M.D., three (3) bulging discs in his neck and back, muscle spasms and cortisone and epidural injection therapy. Plaintiff has in the past and may in the future continue to require additional surgeries. Throughout Plaintiff's treatment he was prescribed a battery of prescriptions and medications. Plaintiff's current workers' compensation lien is more than $240,483.01. He has in the past and will in the future incur expenses for medical care and treatment. Plaintiff has had numerous X-rays, CT scans and MRIs and other diagnostic testing. Plaintiff has undergone numerous tests and physical therapy. He sustained severe and chronic psychological and emotional injuries. He sustained other orthopedic, neurological, internal and psychological injuries, the full extent of which have yet to be determined. He sustained severe shock to his nerves and nervous system. He has in the past required and may in the future continue to require surgeries, medicines, medical aid, medical care and treatment and rehabilitation. He has in the past suffered and may in the future continue to suffer agonizing aches, pains, suffering and mental anguish. He has in the past and may in the future continue to be disabled from performing his usual duties, occupations, and avocations, all to his great loss and detriment. He has sustained a loss of earnings and loss of future earning capacity. He has suffered a loss of household services. He has endured pain and suffering. He has in the past and may in the future continue to endure loss of hedonic pleasures. He has in the past and may in the future continue to be totally disabled from performing his usual occupation as a union laborer.

## **RELIEF**

WHEREFORE, Plaintiffs, Tyrone Cook and Sheila Harris-Cook, h/w, claim of defendants, jointly and severally, a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in

compensatory and punitive damages, delay damages pursuant to Pa. R.C.P. 238, interest, allowable costs of suit and bring this action to recover the same.

## COUNT II – STRICT PRODUCT LIABILITY
## TYRONE COOK v. ALL DEFENDANTS

28. Plaintiffs incorporate herein by reference the previous paragraphs of this Complaint the same as if fully set forth hereinafter.

29. Plaintiffs aver that defendants, by and through their respective agents, servants, workers, contractors, subcontractors, designers, mechanics, repairers, assemblers, welders, manufacturers, sellers, suppliers, renters, leasers, and/or distributors, jointly and severally, are strictly liable under §402A of the Restatement of Law of Torts (2d) because:

   (a) Defendants are engaged in the business of designing, contracting, manufacturing, supplying, distributing, assembling, installing, selling, renting, leasing and repairing scaffolding;

   (b) The subject scaffolding and related equipment that were being used in the course and scope of employment were marketed and placed in the general stream of commerce by defendants;

   (c) Said scaffolding and related equipment were expected to and did reach intended users, such as Plaintiff, and workers without substantial change in the condition in which they were designed, manufactured, assembled, distributed, sold, rented, leased and/or supplied; and

   (d) Said product was designed, manufactured, assembled, installed, distributed, sold, rented, leased and/or supplied by defendants in a dangerous and defective condition for the reasons set forth below.

30. Plaintiffs aver that defendants, by and through their respective agents, servants, workers, contractors, subcontractors, designers, assemblers, welders, manufacturers, sellers, suppliers, renters, repairers, leasers, distributors and/or employees, are strictly liable under § 402A of the Restatement of Law of Torts (2d) by:

   (a) Engaging in the business of owning, engineering, designing assembling, manufacturing, installing, selling, inspecting, welding, maintaining, supplying,

    renting, leasing, repairing, delivering and/or distributing a product, the subject scaffold, in a defective condition;

(b)  The product, the subject scaffold, involved in Plaintiff's incident was owned, engineered, designed, assembled, manufactured, installed, sold, inspected, welded, maintained, supplied, rented, leased, delivered, repaired, distributed and/or placed in the general stream of commerce by defendant(s);

(c)  Owning, engineering, designing, assembling, manufacturing, installing, selling, inspecting, welding, maintaining, supplying, repairing, renting, leasing, delivering and/or distributing a product that was unreasonably dangerous to intended users, such as Plaintiff;

(d)  Owning, engineering, designing, assembling, manufacturing, installing, selling, inspecting, welding, maintaining, supplying, repairing, renting, leasing, delivering and/or distributing a product which was not safe for its intended and expected use;

(e)  Owning, engineering, designing, assembling, manufacturing, installing, selling, inspecting, welding, maintaining, supplying, repairing, renting, leasing, delivering and/or distributing a product to plaintiff's employer and plaintiff without adequate warnings on and with the product;

(f)  Owning, engineering, designing, assembling, manufacturing, installing, selling, inspecting, welding, maintaining, supplying, repairing, renting, leasing, delivering and/or distributing a product which lacked all necessary safety features to protect intended users, such as plaintiff;

(g)  Owning, engineering, designing, assembling, manufacturing, installing, selling, inspecting, welding, maintaining, supplying, repairing, renting, leasing, delivering and/or distributing a product without instructions to be followed with regard to the use and repair of this product;

(h)  Owning, engineering, designing, assembling, manufacturing, installing, selling, inspecting, welding, maintaining, supplying, repairing, renting, leasing, delivering and/or distributing equipment including scaffolding and its component parts, safety devices and equipment which could have been designed more safely so that the product would not have been able to fail or cause plaintiff to fall and suffer severe, permanent, debilitating, career-ending and life-altering personal injuries;

(i)  Owning, engineering, designing, assembling, manufacturing, installing, selling, inspecting, welding, maintaining, supplying, repairing, renting, leasing, delivering and/or distributing a product with parts and components that could fail unexpectedly and without warning and injure unsuspecting workers, all in an attempt to reduce costs and to increase defendants' profits;

(j)  Owning, engineering, designing, assembling, manufacturing, installing, selling, inspecting, welding, maintaining, supplying, repairing, renting, leasing, delivering

and/or distributing a product which was not safe for its work-related purposes without proper and adequate warnings to Plaintiff;

(k)  Owning, engineering, designing, assembling, manufacturing, installing, selling, inspecting, welding, maintaining, supplying, repairing, renting, leasing, delivering and/or distributing a product without proper and necessary warnings and/or instructions;

(l)  Owning, engineering, designing, assembling, manufacturing, installing, selling, inspecting, welding, maintaining, supplying, repairing, renting, leasing, delivering and/or distributing the product without providing an instruction/ manual with regard to the use of the product;

(m)  Owning, engineering, designing, assembling, manufacturing, installing, selling, inspecting, welding, maintaining, supplying, repairing, renting, leasing, delivering and/or distributing the product without providing proper and adequate training to the individuals who needed to use the product or who needed to train other intended users of the product;

(n)  Owning, engineering, designing, assembling, manufacturing, installing, selling, inspecting, welding, maintaining, supplying, repairing, renting, leasing, delivering and/or distributing a product without all necessary safety devices to prevent workers and intended users, such as Plaintiff, from falling off of the scaffolding, including but not limited to, all of the necessary component parts to use the scaffolding, all necessary fall protection devices and personal arrest systems or harnesses, all necessary tie-off points, guardrails, kickplates, ladders, clear written instructions on the use and operation of the scaffolding, and all necessary safety and warning labels;

(o)  Owning, engineering, designing, assembling, manufacturing, installing, selling, inspecting, welding, maintaining, supplying, repairing, renting, leasing, delivering and/or distributing a product without all necessary safety devices to prevent workers and intended users, such as Plaintiff, from falling off of the scaffolding, including but not limited to all proper and necessary approved and engineered equipment;

(p)  Owning, engineering, designing, assembling, manufacturing, installing, selling, inspecting, welding, maintaining, supplying, repairing, renting, leasing, delivering and/or distributing a product without all necessary safety devices to prevent workers and intended users, such as Plaintiff, from falling off of the scaffolding, including but not limited to, all of the necessary component parts to use the scaffolding, all necessary fall protection devices and personal arrest systems or harnesses, all necessary tie-off points, guardrails, ladders, clear written instructions on the use and operation of the scaffolding, and all necessary safety and warning labels in an attempt to reduce construction costs and increase defendants' profits;

(q) Owning, engineering, designing, assembling, manufacturing, installing, selling, inspecting, welding, maintaining, repairing, supplying, repairing, renting, leasing, delivering and/or distributing a product without all necessary safety devices to reduce defendants' costs and increase defendants' profits without regard for the safety of the users of the product; and

(r) Owning, engineering, designing, assembling, manufacturing, installing, selling, inspecting, welding, maintaining, supplying, repairing, renting, leasing, delivering and/or distributing a product that could be used without the presence of all component parts and safety devices necessary to ensure the product was safe.

31. By reason of defendant's failure to conform to its obligations and duties under §402A of the Restatement of the Law of Torts (2d), as aforesaid, Plaintiff, Tyrone Cook, was caused to sustain serious and permanently disabling personal injuries as previously set forth above.

**RELIEF**

WHEREFORE, Plaintiffs, Tyrone Cook and Sheila Harris-Cook, claim of defendants, jointly and severally, a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory and punitive damages, delay damages pursuant to Pa. R.C.P. 238, interest, allowable costs of suit and bring this action to recover the same.

**COUNT III – BREACH OF WARRANTY**

**TYRONE COOK v. OMEGA II HOLDING d/ba/ METALTECH**

32. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint the same as if fully set forth hereinafter.

33. At all times relevant hereto, defendants, jointly and severally, were engaged in the design, manufacture, distribution, sale, servicing and/or repair of scaffolds, in particular the subject scaffold and its component parts.

34. In designing, manufacturing, distributing, selling, servicing, and repairing the subject scaffold, the defendants expressly warranted that the subject scaffold was safe for its intended and

foreseeable uses and made other express warranties concerning the quality and characteristics of the scaffold.

35. In designing, manufacturing, distributing, selling, servicing, and repairing the subject scaffold, the defendants impliedly warranted that it was of merchantable quality, was fit and safe for the ordinary and particular purpose for which it was sold, and was free of all defects.

36. The aforesaid express and implied warranties were breached by the defendants in that the subject scaffold constituted a serious danger to the users and others, was not safe for its intended or foreseeable uses, was not of merchantable quality, was not fit and safe for the ordinary purposes for which it was sold, and was not free from all defects.

37. As a direct and proximate result of the defendants' respective breaches of these express and/or implied warranties, Plaintiff suffered the injuries and damages described herein.

**RELIEF**

WHEREFORE, Plaintiffs, Tyrone Cook and Sheila Harris-Cook, claim of defendants, jointly and severally, a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory and punitive damages, delay damages pursuant to Pa. R.C.P. 238, interest, allowable costs of suit and bring this action to recover the same.

**COUNT IV – LOSS OF CONSORTIUM**

**SHEILA HARRIS-COOK v. ALL DEFENDANTS**

38. Plaintiffs incorporate herein by reference the previous paragraphs of this Complaint the same as if fully set forth hereinafter.

39. Plaintiff, Sheila Harris-Cook, is the wife of plaintiff, Tyrone Cook, and as such is entitled to his society, companionship, and services.

40. By reason of the defendants' negligence, carelessness, strict liability, and/or breaches of warranty, jointly and severally, as aforesaid, wife-plaintiff, Sheila Cook, has suffered the loss of consortium and has been deprived of her husband's love, intimacy, companionship, comfort, affection, society, and physical assistance.

### RELIEF

WHEREFORE, Plaintiff, Sheila Harris-Cook, claims of defendants, jointly and severally, a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory and punitive damages, delay damages pursuant to Pa. R.C.P. 238, interest, allowable costs of suit and brings this action to recover.

*MATTIACCI LAW, LLC*

BY: */s/ William J. Coppol*

William J. Coppol, Esquire
PA Attorney ID # 84666
John A. Mattiacci, Jr., Esquire
PA Attorney ID No.: 89657
1500 John F. Kennedy Boulevard, Suite 620
Philadelphia PA 19102
Phone 215.614.6919
Fax 215.614.6958
wjc@jminjurylawyer.com
jm@jminjurylawyer.com
Attorney(s) for Plaintiffs